UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    10 cv 7974
DUCHAUN BUTLER,                                                   Judge Patterson

                                      Plaintiff,      **AMENDED COMPLAINT**

     -against-

NEW YORK CITY,
POLICE OFFICER HUMBERTO J. KIBEL OF PSA-3
SGT LAYTON OF PSA-3, and
POLICE OFFICER MICHAEL NOCERINO OF PSA-3
                                                           **JURY TRIAL DEMANDED**

                                     Defendant(s).
------------------------------------------------------------X

       The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1     Jurisdiction is founded upon the existence of a Federal Question.

2     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3     Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4     Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

5     This Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. § 1367.

## PARTIES

6     The plaintiff, Duchaun Butler, is a resident of Kings County in the City and State of New York.

7     Upon information and belief, at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant, defendants POLICE OFFICER HUMBERTO J. KIBEL OF PSA-3, SGT LAYTON OF PSA-3, and POLICE OFFICER MICHAEL NOCERINO OF PSA-3 were acting for, upon, and in furtherance of the

business of their employer and within the scope of their employment.

8      Upon information and belief, at all times hereinafter mentioned, the defendants were employed by the defendant, NYC, as members of its police department.

9      Upon information and belief, at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10     The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the Commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the common law of the State of New York.

12     Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under color of law.

## STATEMENT OF FACTS

13     On August 11, 2010, at Marcy Avenue and Clifton Place in Brooklyn New York at approximately 12:00 AM the defendant officers pursued the plaintiff, in a motor vehicle, for a petty offense, while he drove a scooter on Marcy Avenue.  Plaintiff voluntarily stopped his scooter and fell to the ground where he injured only his arm, which was scraped.

14     After he fell, plaintiff was surrounded by the defendant officers, POLICE OFFICER HUMBERTO J. KIBEL OF PSA-3, SGT LAYTON OF PSA-3 and POLICE OFFICER MICHAEL NOCERINO OF PSA-3 who proceeded to kick punch and strike plaintiff with batons, for no apparent reason and without legal necessity to use any force.

15   Plaintiff was handcuffed throughout much of the beating.

16   Plaintiff did not resist arrest and did not fight with the defendants in any manner.

17   After the beating on the street, plaintiff was put in the back of a police van.

18   While in the van, plaintiff spit out a mouthful of blood and one of the teeth the defendants had broken in his mouth.

19   After having witnessed plaintiff spit out blood and a tooth in the van and while he was still in handcuffs, one defendant officer punched plaintiff in the van an additional 2 to 3 times and complained about plaintiff bleeding in his van.

20   Plaintiff had to be taken to Woodhull Hospital for treatment.

21   Plaintiff's various injuries include a concussion and a fractured skull.

22   Plaintiff lost two teeth the night of the incident and at least one other tooth became loose and will have to be removed as a result of the incident.

23   Additionally, plaintiff will need extensive oral surgery to correct the injuries he incurred, he still suffers from the after effects of the injury to his head, he needed to be hospitalized and he incurred other physical and emotional injuries.

24   On or about September 3, 2010 the plaintiff filed his Notice of Claim.

25   To date, a 50H Hearing has been noticed but not yet conducted as to the plaintiff.

26   Over thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

27   The state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose as to plaintiff and plaintiff's federal claims are brought in a timely manner, within three years of the date they accrued.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

28   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

29     The plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously and maliciously assaulted him with no need to use any force much less the brutal force they employed.

30     Plaintiff was kicked and punched several times and hit with a baton, with no legal necessity to do so, as plaintiff was in handcuffs laying on the ground with officers on top of him and he was shortly thereafter battered further in the police van while still in handcuffs.

31     The assault and battery of the plaintiff was effected by the defendants without authority of law and without any reasonable necessity to use any force much less the excessive force they employed.

32     The force defendants employed was used without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

33     The defendants who observed the beatings of the plaintiff, who had a reasonable opportunity to intervene and failed to do so, are liable to the plaintiff via their failure to act pursuant to their duty to intervene to prevent violations of plaintiff's rights committed in their presence.

34      As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

35     By reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, requiring him to receive medical treatment, including but not limited to, hospitalizations, lost bodily function, extensive dental work, he was subjected to physical pain, bruising, humiliation, embarrassment, anxiety, he was subjected to various ongoing physical and emotional harms, he was and will continue to be pecuniarily harmed and he was otherwise harmed.

36      By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS, the plaintiff is entitled to an award of punitive damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK VIA
### BATTERY

37      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

38      The defendant NYC is vicariously liable to the plaintiff for the individual defendants' common law torts via the principle of respondeat superior.

39      New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

40      On August 11, 2010 defendants committed a battery of the plaintiff in that their touching of the plaintiff was harmful, unconsented, and unjustified and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

41      Plaintiff was kicked and punched several times and hit with a baton, with no legal necessity to do so, as plaintiff was in handcuffs laying on the ground with officers on top of him and he was shortly thereafter battered further in the police van while still in handcuffs.

42      The assault and battery of the plaintiff was effected by the defendants without authority of law and without any reasonable necessity to use any force much less the excessive force they employed.

43      The force defendants employed was used without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

44      The defendants were acting within the scope of their duty as police officers, when they battered the plaintiff.

45     As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the common law of the State of New York by a battery.

46     By reason of the unlawful battery, the plaintiff was harmed physically, requiring him to receive medical treatment, including but not limited to, repeat hospitalizations, lost bodily function, extensive dental work, he was subjected to physical pain, bruising, humiliation, embarrassment, anxiety, he was subjected to various ongoing physical and emotional harms, he was and he will continue to be pecuniarily harmed and he was otherwise harmed.

47     By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS, and the plaintiff is entitled to an award of punitive damages.

<b><u>AS AND FOR A THIRD CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFF<br>VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO<br>THE COMMON LAW OF THE STATE OF NEW YORK VIA<br>ASSAULT</u></b>

48     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

49     On the aforementioned date, time and place the defendants committed the tort of assault against the plaintiff by causing him to be in apprehension of an imminent, unconsented, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

50     By reason of the aforesaid, committed by defendants, plaintiff suffered fear, anxiety and various emotional harms and he was otherwise damaged.

51     The defendants were acting within the scope of their duty as police officers, when they committed an assault on the plaintiff.

52     By reason of the aforesaid the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and he is entitled to an award of punitive damages.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
THE COMMON LAW OF THE STATE OF NEW YORK
VIA NEGLIGENT HIRING, RETAINING AND TRAINING**

53   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

54   The plaintiff's rights have been violated as a direct result of the negligent hiring, retaining and training of the defendants, by the defendant NYC.

55   NYC hired and retained the defendant police officers, despite the fact that their retention as police officers, posed a potential danger to the public.

56   Additionally, the defendant NYC failed to properly train its officers in the following manners;

- to not use excessive force,

- that there would be consequences to using excessive force,

- to prevent fellow officers from using excessive force,

-that there would be consequences to not interceding to prevent other officers from using excessive force,

- that officers must report fellow officers for using excessive force, and

- that there would be consequences for not reporting fellow officers for using excessive force in their presence.

57   Defendant NYC's negligence in its various failures as are listed above, directly caused plaintiff's harms, without plaintiff being negligent or contributing to his harms.

58   Defendant NYC's hiring, retention and failure to adequately train the defendants created the risk of bodily harm to others, which manifested directly in plaintiff's harms.

59   Defendant NYC has a duty to abate the risk of dangers to others and NYC breached this duty directly resulting in plaintiff's harms.

60   Defendant NYC negligently, intentionally, recklessly and with deliberate indifference to

the well being of the public and the plaintiff maintains both an Internal Affairs Bureau and a Civilian Complaint Review Board which improperly exonerates officers despite overwhelming evidence they have acted inappropriately.

61	It was reasonably forseeable that NYC's actions would result in plaintiff and others being harmed as the plaintiff was in fact harmed.

62	As a direct result of defendant NYC's actions, plaintiff was deprived of rights, privileges and immunities under the common law of the State of New York.

63	By reason of the defendant NYC's negligence, the plaintiff was harmed physically, requiring him to receive medical treatment, including but not limited to, hospitalizations, lost bodily function, extensive ongoing dental work, he was subjected to physical pain, bruising, humiliation, embarrassment, anxiety, he was subjected to various ongoing physical and emotional harms, he was pecuniarily harmed and he was otherwise harmed.

64	By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS BY THE CITY OF NEW YORK, i.e., MONELL CLAIM

65	Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

66	The plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution, as made applicable to the states via the Fourteenth Amendment, by the defendant, NYC.

67	Defendants NYC as well as unidentified police officers who were supervisors and final decision makers, as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the

recurring problem of officers beating civilians, and that there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

68      The defendant NYC, with deliberate indifference to the well being of the public, maintains an ineffective Civilian Complaint Review Board, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

69      The defendant NYC with deliberate indifference to the well being of the public, maintains an ineffective Internal Affairs Department of the City's police department, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

70      As a result of NYC's deliberate indifference to the purposeful ineffectiveness of the CCRB and IAB, the defendants in the instant case felt free to, and did in fact, violate the plaintiff's rights.

71      It is the routine practice of NYPD officers to fail to act on their duty to intervene to protect civilians whose civil rights are being violated by other officers in their presence.

72      It the routine practice of NYPD officers to retaliate against officers who speak up and/or act when they witness other officers violating civilians' rights.

73      Despite being often alerted to the recurring aforementioned problems, the NYPD has remained deliberately indifferent to said problems and in so doing encouraged its officers to persist in the aforesaid unconstitutional behavior.

74      By reason of the defendant NYC's deliberate indifference, the plaintiff was harmed physically, requiring him to receive medical treatment, including but not limited to, repeat hospitalizations, lost bodily function, extensive dental work, he was subjected to physical pain, bruising, humiliation, embarrassment, anxiety, he was subjected to various ongoing physical and emotional harms, he was and continues to be pecuniarily harmed and he was otherwise harmed.

75      By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

        **WHEREFORE**, plaintiff demands judgment against the defendants in a sum not

to exceed THREE MILLION ($3,000,000.00) DOLLARS and punitive damages on the First Cause of Action; in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages on the Third Cause of Action; in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS on the Fourth Cause of Action; and in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS on the Fifth Cause of Action, along with reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on plaintiff's federal causes of actions together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: March 3, 2011
      New York, New York

                                      / s /
                              FRED LICHTMACHER (FL-5341)
                              Attorney for Plaintiff
                              The Empire State Building
                              350 5th Avenue Suite 7116
                              New York, New York 10118
                              (212) 922-9066

To:    Mark Zuckerman
         Assistant Corporation Counsel City of New York
         100 Church Street
         New York, New York 10007